**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **J.R.**

**No. 15-1041** (Raleigh County 13-JA-151-B)


**MEMORANDUM DECISION**


Petitioner Father T.R., by counsel Benjamin N. Hatfield, appeals the Circuit Court of Raleigh County's July 14, 2015, order terminating his parental rights to J.R. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Mathew A. Victor, filed a response on behalf of the child supporting the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights and denying his request for a dispositional improvement period.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2013, the DHHR filed an abuse and neglect petition alleging that petitioner abused then one-year-old, J.R. by leaving him in the mother's care while petitioner traveled to the State of Florida for inpatient drug treatment. The mother had a long history of drug abuse, did not possess basic parenting skills, and left J.R. unattended for long periods of time. The DHHR also alleged that petitioner engaged in domestic violence with the mother, actively abused drugs, had no contact with J.R. for three to four months after leaving him in the mother's care, and failed to support J.R. financially or emotionally. The DHHR further alleged that petitioner's alcohol abuse resulted in an injury to J.R.

In October of 2013, the circuit court held an adjudicatory hearing wherein petitioner stipulated to failing to support J.R., neglecting J.R., and abusing drugs. Petitioner moved the circuit court for a post-adjudicatory improvement period. The circuit court accepted petitioner's stipulation and granted his request for an improvement period. The circuit court further ordered petitioner to undergo drug and alcohol screening.

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

In August of 2014, the circuit court held a status hearing. The DHHR presented testimony that petitioner had not completed the terms and conditions of his improvement period and moved for the termination of the same. The circuit court denied the DHHR's motion and ordered that petitioner continue to participate in drug screening.

In April of 2015, the circuit court held a dispositional hearing. The DHHR presented testimony that petitioner tested positive for benzodiazepines and alcohol after leaving rehabilitation and failed to participate in all required drug screens. Petitioner also failed to secure a stable residence for J.R.'s placement. At the close of the hearing, the circuit court determined that petitioner failed to successfully complete his post-adjudicatory improvement period and made no progress toward becoming a responsible parent. The circuit court terminated petitioner's parental rights by order dated July 14, 2015. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). On appeal, petitioner argues that the circuit court erred in terminating his parental rights because he successfully completed his improvement period. Regarding the successful completion of an improvement period, we have held that

[a]t the conclusion of the improvement period, the court shall review the performance of the parents in attempting to attain the goals of the improvement period and shall, in the court's discretion, determine whether the conditions of the improvement period have been satisfied and whether sufficient improvement has been made in the context of all the circumstances of the case to justify the return of the child.

Syl. Pt. 6, *In re Carlita B.*, 185 W.Va. 613, 408 S.E.2d 365 (1991).

Contrary to petitioner's assertion, and according to the record on appeal, the circuit court did not find that petitioner successfully completed his improvement period. The evidence supports the circuit court's finding that during petitioner's improvement period he tested positive for benzodiazepines and alcohol, failed to participate in all required drug screens, and failed to secure a stable residence for J.R.'s placement. Based on the evidence before it, the circuit court correctly determined that petitioner did not successfully complete his improvement period.

Additionally, the circuit court was presented with sufficient evidence to find that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. Pursuant to West Virginia Code § 49-4-604(c)(3), there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

It is clear from the record above that petitioner made little to no progress during his improvement period. The record also indicates that petitioner's visitations with J.R. were "sporadic and brief," he never provided J.R. with overnight care, and J.R. remained in foster care for twenty-two months because petitioner failed to secure a stable place to live. As such, the circuit court was presented with sufficient evidence to find that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. Given the circumstances presented in this case, we find no error in the circuit court's order terminating petitioner's parental rights to J.R.

Petitioner next argues that the circuit court erred in terminating his parental rights without granting his request for a post-dispositional improvement period. Petitioner contends that he participated in every "facet of the post-adjudicatory improvement period without impediment." Regarding the grant of a second improvement period, pursuant to West Virginia Code § 49-4-610(3)(D), a circuit court may grant another improvement period when a "the respondent has experienced a substantial change in circumstances . . . [and] demonstrate[d] that due to that change in circumstances, [he] is likely to fully participate in the improvement period." Here, it is clear from the record that petitioner failed to successfully complete his initial improvement period and failed to demonstrate that he experienced a substantial change in circumstances or would fully comply with the terms and conditions of another improvement period. Moreover, we have previously held that it is within the circuit court's discretion to grant an improvement period. Syl. Pt. 2, *In re Lacey P.*, 189 W.Va. 580, 433 S.E.2d 518 (1993). Thus, we find that the circuit court correctly denied petitioner's request for a post-dispositional improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 14, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: May 23, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II